**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARRY LICHTENTHAL,<br>Petitioner,<br>v. | Civ. Action No. 09-1541 (KSH) |
| PETER BRUSTMAN;<br>CHRISTINA BOURQUE,<br>Respondents. | **OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

Petitioner Barry Lichtenthal ("Lichtenthal"), currently housed in Toler House, Newark, a "halfway house" facility at which he is serving the remainder of his sentence, has filed an emergent petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Lichtenthal raises four grounds for relief in his petition, two of which are related. Ground One asserts that his First Amendment right to free exercise of religion has been or will be violated because respondents[1] have refused to permit him to travel home for the Jewish Sabbath. Pet. at 4. Ground Two complains that respondents have unlawfully prevented Lichtenthal's personal physician from treating his various ailments. *Id.* Ground Three alleges a violation of Lichtenthal's Eighth Amendment right to be free from cruel and unusual punishment; the petition alleges that he was placed at the Toler House "because a Case Manager at Otisville FCI [sic] would not update [his] residence address even though he had several

[1] The petition does not identify the positions Peter Brustman and Christina Bourque hold with respect to Lichtenthal's detention, but the Court will assume that they are administrators at Toler House.

notices and 6 months of time." *Id.* at 5. Ground Four—related to Ground One—though not couched in constitutional terms, alleges the following:

> I have been told I may not be permitted a furlough for the Jewish Passover High Holidays because of my residence being 180 miles distant [sic]. I should not be denied the observance of this important holiday by reason of "them" placing me [at Toler House]. I was informed last evening my requests are causing me to be a pain in the neck and if I don't stop I'll be sent back to prison. That is clear retaliation and inappropriate.

*Id.* at 5.

Lichtenthal has also filed a supplemental submission, dated April 6, 2009 (docketed April 7, 2009) further emphasizing that he was "sent to Toler House in error" and that he is "being denied [his] constitutional rights to observe [his] religion (First Amendment) . . . ." He asserts that the "BOP was aware of these issues and could have transferred [him] to Connecticut on a timely basis and/or granted the furlough." He has attached to his submission a letter written to him by respondent Brustman (the "Brustman letter") regarding a transfer to a Connecticut halfway house, as well as a furlough application that the Bureau of Prisons ("BOP") denied.

The Court will address Grounds One and Four together, and Grounds Two and Three separately. It may grant relief under § 2241 where, as is relevant here, a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

For the following reasons, Lichtenthal is not entitled to a writ of habeas corpus.[2]

**GROUNDS ONE & FOUR—FIRST AMENDMENT**

Lichtenthal claims that his First Amendment right to free exercise of religion has been curtailed because respondents have refused to permit him to travel 180 miles to his home for the Jewish Sabbath, even though there is a halfway house closer to his home for which he was

[2] The Court need not address whether, assuming Lichtenthal's constitutional rights were in fact violated, he would nonetheless be entitled to the particular relief he seeks, for his constitutional claims fail on their face.

"clearly eligible." Pet. at 4. As stated above, he asserts in Ground Four that he is entitled to a furlough to celebrate the Jewish Passover High Holidays. Pet. at 5. It is unclear in Ground One whether Lichtenthal seeks weekly furloughs to his home to celebrate the Jewish Sabbath, or whether Grounds One and Four seek the same relief (a single furlough for the Jewish Passover High Holidays). Regardless, respondents' alleged failure to grant Lichtenthal a furlough (either isolated or continual) is not of constitutional dimension. *See Groppi v. Bosco*, 208 Fed. App'x 113, 115 (3d Cir. 2006) (no constitutional right to furlough) (quoting 28 C.F.R. § 570.30) ("A furlough is not a right, but a privilege granted an inmate under prescribed conditions"); *see also Bowser v. Vose*, 968 F.2d 105, 106-07 (1st Cir. 1992) ("It is clear that the denial of a furlough implicates no inherent liberty interest.").

Lichtenthal's supplemental submission provides no further support for the relief he seeks. The fact that a transfer to a facility closer to his current residence is being considered does not support the Court granting an emergent furlough. The BOP denied the furlough request after the Brustman letter, and this Court is ill-positioned to second-guess that denial. Additionally, the Court is advised that Lichtenthal is not being supervised by the United States Probation Office, so the fact that it did not object to the furlough request does not appear to be relevant.

To the extent Lichtenthal challenges his designation at Toler House as opposed to a facility closer to his home, Lichtenthal's petition does not merit the relief he seeks. Lichtenthal is not entitled to the halfway house of his choice; his designation is exclusively the province of the BOP. In *D'Amario v. Zenk*, 131 Fed. App'x 381, 382-83 (3d Cir. 2005), the Third Circuit summarily affirmed the district court's finding that the prisoner-petitioner "could show no entitlement to be housed in the facility of his choice and that such a determination was entirely within the discretion of the BOP." This reasoning applies equally here.

Insofar as Lichtenthal claims retaliation in Ground Four, the allegation does not support the relief he seeks—a furlough to celebrate the Jewish Passover High Holidays. Assuming respondents' alleged threats to "sen[d him] back to prison" for being a "pain in the neck" gave rise to any constitutional causes of action, the remedy would concern damages, not release or furlough. Lichtenthal's assertion of retaliation simply finds no support under § 2241. In *Leamer v. Fauver*, 288 F.3d 532, 542 (3rd Cir. 2002), the Third Circuit stated as follows:

> [W]henever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [28 U.S.C.] § 1983 is appropriate.

28 F.3d at 542.

In sum, Grounds One and Four have failed to assert facts that would merit relief under § 2241.

**<u>GROUND TWO—MEDICAL CARE</u>**

Lichtenthal alleges the following ground for relief with respect to his medical care:

> I am 65 years old. I've had two heart attacks and open heart surgery. I am in fair health. I am almost out of medication. The Halfway House can't get me a clinic appointment on a timely basis. After six years of incarceration I need to see my own physicians and obtain new and updated medications and I need to obtain care for a chronic foot condition acquired while in the service (Army) of this Country. Walking is difficult and painful and I am a diabetic—my physician has dealt with it and me for several years and can "fix" it quickly. I am the sole inmate denied the right to see my Doctor.

Pet. at 4. To the extent that this claim asserts an implicit violation of his right to be free from cruel and unusual punishment (in that respondents have been "deliberately indifferent" to

Lichtenthal's "serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)), again the petition does not seek a remedy cognizable under § 2241. A finding in Lichtenthal's favor would not "alter his sentence or undo his conviction," *Leamer*, 288 F.3d at 542, and thus habeas corpus is not the vehicle for which Lichtenthal may pursue his claims. In any event, Lichtenthal's conclusory allegations about timely clinic appointments, his supply of medication, and that he is the "sole inmate denied the right to see [his personal] Doctor," Pet. at 4, do not plead an outright denial (or deliberately indifferent provision) of medical care, which the Constitution forbids. Nor do they present circumstances that require the intervention of the Court.

Insofar as Lichtenthal asserts that he has a right to have his own personal physician treat him at the halfway house, the petition is likewise denied. Lichtenthal remains in the custody of the BOP, which is not constitutionally obligated to provide the medical care of Lichtenthal's choosing. Respondents' alleged failure to permit his personal physician to treat him does not warrant § 2241 relief.

**GROUND THREE—CRUEL & UNUSUAL PUNISHMENT**

Lichtenthal's only expressly stated ground for relief under the Eighth Amendment is that he was improperly designated to Toler House as opposed to a facility closer to his home. Pet. at 5. As stated above, Lichtenthal does not have a constitutional right to be placed in whichever halfway house he chooses, and to the extent this Court liberally reads his submission as alleging negligence, his allegations do not entitle him to a transfer. *See D'Amario*, 131 Fed. App'x at 382-83, *supra*.

**CONCLUSION**

For the reasons stated above, Lichtenthal is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is therefore **DENIED.**

**It is SO ORDERED** this 7th day of April, 2009.

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.